Mr. Scott L. Knox County Attorney Pasco County 4025 Moon Lake Road New Port Richey, Florida 33552
Dear Mr. Knox:
This is in response to your request for an opinion on substantially the following question:
 IS THE COUNTY AUTHORIZED TO UTILIZE THE SURPLUS OF THE CONSTITUTIONAL GAS TAX TO PURCHASE AND INSTALL TRAFFIC CONTROL DEVICES ON EXISTING ROADS WITHIN THE COUNTY ROAD SYSTEM?
Supplemental information furnished this office by the chairman of the board of county commissioners indicates that the contemplated installation of traffic control devices includes installations on federal and state highways. This opinion is confined to the authority to install and maintain traffic control devices on roads within the county road system as defined in s 334.03(23), F.S., and is not to be taken to apply to any expenditure of the surplus proceeds of the constitutional gas tax for the purchase and installation of traffic control devices on federal or state highways or on any road other than a road within the county road system. Compare, AGO 80-22 stating that surplus second gas tax (now the constitutional gas tax) funds must be used for the acquisition and construction of roads within the county road system and cannot be properly expended for the construction of any other roads.
Section 9(c)(5), Art. XII, State Const., as amended in 1980, in pertinent part provides that "[t]he proceeds of the `second gas tax' (now the constitutional gas tax pursuant to s 11, Ch. 83-3, Laws of Florida) . . . shall be used . . . for the acquisition and construction of roads and for road maintenance as authorized by law."
Section 316.006(3), F.S., provides inter alia that:
 Counties . . . may place and maintain such traffic control devices which conform to the manual and specifications of the Department of Transportation upon all streets and highways under their original jurisdiction as they shall deem necessary to indicate and to carry out the provisions of this chapter or to regulate, warn, or guide traffic.
 See also, s 206.60(2)(b)2., F.S., which assigns to the county commission the full responsibility for the maintenance of transportation facilities in the county and of roads in the county road system; s 335.04(4), F.S., providing that the counties shall have the responsibility for the operation and maintenance of the roads under their jurisdiction, except as otherwise provided by law; and cf., s 336.02, F.S., empowering the county commission to establish new roads, change old roads and keep these in good repair. Section 336.41, F.S., as amended by s 37, Ch. 83-3, Laws of Florida, authorizes the county commission to employ labor and provide equipment as may be necessary for the construction and opening of new bridges and roads and for the repair and maintenance of any existing roads and bridges. However, all construction and reconstruction of roads and bridges, including resurfacing, full scale mineral seal coating, and major bridge and bridge system repairs, which are to be performed utilizing the proceeds of the 80% portion of the surplus of the constitutional gas tax, shall be let to contract to the lowest responsible bidder by competitive bid, except in certain enumerated circumstances. Section 336.41, F.S., as amended, supra. Further, s 125.01(1)(m), F.S., which provides that, to the extent not inconsistent with general or special law, the counties may provide and regulate roads and bridges and enforce plans for the control of traffic, when read with s 125.01(3)(a) and (b), F.S., which incorporates all implied powers necessary or incidental to carrying out enumerated powers and secures home rule powers for counties, indicates that in light of the statutory and constitutional provisions set forth above, the counties are not only empowered to construct, operate and maintain county roads and bridges in the county road system as defined in s 334.03(23), F.S., but now are obligated and charged with the responsibility therefore. See also, Speer v. Olson, 367 So.2d 207 (Fla. 1978); s 1(f), Art. VIII, State Const.; AGO 83-26.
 Section 125.01, F.S., which sets forth generally the powers and duties of the legislative and governing body of a county provides that, to the extent not inconsistent with general or special law, such a body has the power to "develop and enforce plans for the control of traffic and parking" (subsection [1][m]) and to "perform any other acts not inconsistent with law which are in the common interest of the people of the county . . ." (subsection [1][w]. Particularly in urbanized areas of the county, general public safety may be a factor to be considered as necessitating the placement and maintenance of traffic control devices by the county to regulate, warn or guide traffic.
 In view of the constitutional and statutory provisions discussed herein it would appear that the entire responsibility for construction, maintenance, operation and regulation of all roads and bridges in the county road system falls to the counties themselves. Pursuant to s 316.006(3), F.S., counties are authorized to place and maintain such traffic control devices on streets and highways under their jurisdiction as they deem necessary to regulate, warn or guide traffic. When read together, s 316.006(3), F.S., and the other above cited statutes and s 9(c)(5), Art. XII, State Const., as amended in 1980, would appear to be broad enough to authorize the purchase and installation of road signals and traffic control devices with the proceeds of the second gas tax or constitutional gas tax.
 Therefore, unless or until legislative clarification or direction otherwise is forthcoming, it is my opinion that the Board of County Commissioners of Pasco County is authorized to utilize the surplus of the constitutional gas tax to purchase and install traffic control devices on existing roads within the county road system as defined in s 334.03(23), F.S.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General